1

2

3

4                            UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    DOROTHY MANDEL,                        Case No. 22-cv-09189-JSW

           Plaintiff,
8
                                            **ORDER RESOLVING MOTION FOR**
9        v.                                 **RECONSIDERATION AND**
                                            **GRANTING PLAINTIFF ONE FINAL**
10   U.S. DEPARTMENT OF EDUCATION, et       **EXTENSION OF TIME TO EFFECT**
     al.,                                   **SERVICE**
11
           Defendants.                      Re: Dkt. No. 34
12

13         Plaintiff filed this case on December 30, 2022 and named the United States Department of

14   Education, Justice Department Debt Collection Services, Nelnet, Equifax, Transunion, and

15   Experian as Defendants.

16         On September 6, 2023, Plaintiff filed summonses. On December 4, 2023, Plaintiff filed a

17   motion for entry of default as to all Defendants. The Clerk declined to enter default because the

18   docket did not reflect that a summons had been returned as executed to any of the Defendants.

19   There also are no waivers of service in the record.

20         On January 9, 2024 Plaintiff filed a motion to strike and, on March 8, 2024, she filed a

21   motion for an extension of time to serve the Defendants. On March 15, 2024, Experian filed a

22   motion to dismiss.

23         Plaintiff stated that proofs of service were submitted to the Clerk.[1] If Plaintiff was

24   referring to the documents at Docket Nos. 16-20, although the proofs of service state that personal

25   service was effected on the Defendant named in the summons they are not signed by the person

26   who purportedly effected service. *See* Fed. R. Civ. P. 4(*l*)(1) ("Unless service is waived, proof of

27   _____

28   [1]    Experian filed a statement of non-opposition to that motion and stated it had signed and
     returned a waiver of service to Plaintiff.

United States District Court
Northern District of California

1   service must be made to the court.  Except for service by a United States marshal or deputy

2   marshal, proof must be by the server's affidavit.")

3          On March 26, 2024, the Court granted Plaintiff until April 5, 2024 to serve the remaining

4   Defendants.  The Court also advised Plaintiff that her opposition to Experian's motion to dismiss

5   would be due on March 29, 2024.  Plaintiff did not respond to Experian's motion.  On April 3,

6   2024, the Court granted Experian's motion without leave to amend.  Plaintiff also did not file

7   proofs of service showing she had served the Defendants by April 5, 2024.

8          On July 10, 2024, the Court issued an Order to Show Cause why the case should not be

9   dismissed for failure to prosecute.  Plaintiff's response was due on July 26, 2024.

10         On July 29, 2024, Plaintiff filed a motion for reconsideration and asked the Court to

11  reconsider dismissal.  Because the Court has not yet dismissed the case, that aspect of Plaintiff's

12  motion is moot.

13         Plaintiff again asserts that she perfected service on all parties.  Service is governed by

14  Federal Rule of Civil Procedure 4.  Pursuant to Rule 4(c)(2), the summons must be served by

15  someone who is at least 18 and is *not* a party.  Therefore, Plaintiff may not serve the summonses

16  and complaint herself.

17         Rule 4(h) provides that a corporation may be served "in the manner prescribed by Rule

18  4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint

19  to an officer, a managing or general agent, or any other agent authorized by appointment or by law

20  to receive service of process and--if the agent is one authorized by statute and the statute so

21  requires--by also mailing a copy of each to the defendant[.]"

22         Rule 4(e)(1), in turn, provides that service can be effected by "following state law for

23  serving a summons in an action brought in courts of general jurisdiction in the state where the

24  district court is located or where service is made[.]"

25         In order to serve an agency of the United States, such as the Departments of Education or

26  Justice, a party "must serve the United States and also send a copy of the summons and of the

27  complaint by registered or certified mail to the agency, corporation, officer, or employee."  Fed. R.

28  Civ. P. 4(i)(2).  In order to serve the United States, a party must

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Fed. R. Civ. P. 4(i)(1).

The Court will grant Plaintiff one final extension of time to serve the Defendants. In lieu of service on Nelnet, Equifax, and Transunion, Plaintiff may to obtain and file waivers of service. *See* Fed. R. Civ. P. 4(d)(1). Plaintiff shall file properly executed proofs of service or waivers by no later than December 2, 2024. If Plaintiff fails to comply with that deadline, the Court shall dismiss the case for failure to prosecute.

The Court HEREBY ADVISES Plaintiff that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available through the Court's website or in the Clerk's office. The Court also advises Plaintiff that she also may wish to seek assistance from the Legal Help Center. Plaintiff may call the Legal Help Center at 415-782-8982 or sign up on the 15th Floor of the Courthouse, Room 2796, for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation.

**IT IS SO ORDERED**.

Dated: October 31, 2024

JEFFREY S. WHITE
United States District Judge